MARION F. EDWARDS, Judge.
 

 |Jn this protracted litigation involving employment agreements, non-compete and non-solicitation of customers and employee clauses, Rimkus Consulting Group, Inc. of Louisiana (“Rimkus”) appeals a judgment of the trial court that entered summary judgment in favor of Gary Bell, Nick Cam-marata, and Mike DeHarde, dismissing Rimkus’ reconventional demands with prejudice. Rimkus appeals that decision. For reasons that follow, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 Plaintiffs/appellees, Gary Bell (“Bell”), Nick Cammarata (“Cammarata”), and Mike DeHarde (“DeHarde”), were employed by Rimkus as forensic engineers. All three employees signed employment agreements with Rimkus. Although the agreements were signed at different times, and contain different language, all three have non-competition, non-solicitation of customers and non-solicitation of employee provisions. In 2006, all three men left Rimkus and started a competitor company, U.S. Forensic, L.L.C.
 

 | ;iShortly afterward, in November of 2006, Bell, Cammarata, and DeHarde filed an action for declaratory judgment seeking a ruling invalidating the employment agreements. Rimkus filed for injunctive relief, and it filed a reconventional demand for damages against Bell and DeHarde alleging breach of the employment contract. The trial court granted an injunction as to DeHarde, but not against Bell. Rimkus filed a second reconventional demand against Bell for disparagement, breach of fiduciary duties, disclosure of trade secrets and proprietary and confidential information including documents and photographs, based on a Common Stock Purchase Agreement between Bell and Rimkus. Further, the reconventional demand avers that Rimkus is the holder of a note made by Bell that remains unpaid. Rimkus also filed a reconventional demand against Cammarata, asserting that he is in violation of the non-compete, post-termination and proprietary information/trade secrets clauses of the employment contract.
 

 Bell and Cammarata filed a motion for partial summary judgment alleging that the pertinent clauses in the employment contracts were invalid and unenforceable. They alleged that their employment contracts, although similar to DeHarde’s, were different in certain respects and were invalid and unenforceable. The trial court granted the partial summary judgment, ruling that the non-compete and non-solicitation of customers clauses in the employment agreements of Bell and Cammarata were unenforceable, and it granted the partial summary judgment as to that part of the motion. That judgment was certified as final and was appealed to this
 
 *1072
 
 Court. We affirmed that ruling.
 
 [1]
 

 ^Subsequently, Rimkus filed for injunc-tive relief against Bell, which was denied because the trial court found that Rimkus failed to show the required irreparable harm. That judgment was also appealed to this Court and affirmed.
 
 [2]
 

 The litigation among these parties also includes a suit brought by Bell, Cammara-ta, and DeHarde for unpaid bonuses.
 
 [3]
 
 Additionally, Rimkus filed an action in Texas Federal Court alleging tortuous interference and damages for breach of the employment contract. Rimkus also alleged misappropriation of trade secrets, unfair competition, and civil conspiracy. Various motions have been filed by all parties in that suit requiring court action.
 
 [4]
 
 Neither of these actions is before this Court in this appeal, although Rimkus uses the proceedings in the Texas suit in its arguments relating to the matter at issue in this appeal.
 

 Bell, Cammarata, and DeHarde filed a motion for summary judgment on Rimkus’ reconventional demands. At the time the motion for summary judgment came before the trial court, only three of the original reconventional demands against Bell and Cammarata and DeHarde remained viable: misappropriation of trade secrets against all three, breach of fiduciary duty against Bell, and disparagement against Bell.
 
 [5]
 

 After a hearing on the motion, the trial court granted it and dismissed Rimkus’ reconventional demands with prejudice. This is the judgment on appeal herein.
 

 | ¿The summary judgment procedure is now favored in the law and is designed to secure the just, speedy, and inexpensive determination of every action.
 
 [6]
 
 The motion should only be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law.
 
 [7]
 

 Generally, the burden of proof is on the mover to show that he is entitled to a summary judgment. However, if the mover does not bear the burden of proof at trial, as in the matter before us, the mover need only show that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense.
 
 [8]
 
 Thereafter, it is the burden of the adverse party to produce factual evidence sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the adverse party fails to meet that burden, there is no
 
 *1073
 
 genuine issue of material fact remaining and the mover is entitled to summary judgment.
 
 [9]
 

 An appellate court must review evidence
 
 de novo
 
 under the same criteria that govern the trial court’s determination of whether summary judgment is appropriate.
 
 [10]
 
 In the matter before us, Rimkus filed the reconventional demand in the trial court and must, therefore, carry the burden of proof at trial for. its allegations to prevent Bell, Cammarata, and DeHarde from prevailing on their motion for summary judgment. As previously stated, only three claims remained from the re-conventional demand to be considered at the summary judgment motion shearing. The claims involved misappropriation of trade secrets, breach of fiduciary duty, and disparagement.
 

 At the hearing, Rimkus offered no evidence into the record to support any of the claims. Although depositions and other documents were attached to Rimkus’ opposition to the motion for summary judgment, Rimkus’ arguments to the court were based on the unfairness of entertaining a motion for summary judgment before discovery was complete in a similar suit filed in Texas after the Louisiana action was filed. Rimkus also requested a voluntary dismissal of all claims in the recon-ventional demand without prejudice. Counsel for Bell, Cammarata, and De-Harde opposed that request, stating that this action was filed about two years earlier, discovery in this suit had been conducted and, at this juncture, the time had passed for Rimkus to dismiss its claims without prejudice. The trial court agreed and granted the summary judgment.
 

 Our
 
 de novo
 
 review of the documents presented as exhibits and the arguments of counsel at the hearing on the motion for summary judgment leads us to the same conclusion. Rimkus asserts that, both in the transcript of the motion hearing and in arguments in brief to this Court, the litigation in Louisiana, although filed first, should be dismissed without prejudice to allow the Texas court to decide the matter. We note that Rimkus chose to file the reconventional demand in a Louisiana court On May 23, 2007. It was only after certain adverse rulings that Rimkus chose to file a similar suit in Texas. Rimkus could have requested to dismiss the Louisiana action without prejudice at that time. However, that request was not made until the May 6, 2009 hearing on the motion for summary judgment.
 

 Rimkus’ burden at the summary judgment hearing was to show that a genuine issue of fact remained to be decided that would preclude the grant of a summary judgment against it on the remaining reconventional demands. . The only 17attachments to the opposition memorandum were discovery requests and depositions. There is nothing in either the evidence attached to the opposition memorandum or the arguments at the hearing to show any essential element of any of the claims made in the reconventional demands. There is no evidence as to a trade secret that may have been exposed, a fiduciary relationship that would support the claim of a breach of that relationship, or any evidence of disparagement of Rimkus. Accordingly, we affirm the trial court’s grant of the summary judgment. All costs of this appeal are charged to Rimkus.
 

 AFFIRMED.
 

 [1]
 

 .
 
 Bell v. Rimkus Consulting Group, Inc. of La.,
 
 07-966 (La.App. 5 Cir. 3/25/08), 983 So.2d 927,
 
 writ denied,
 
 08-0891 (La.6/20/08), 983 So.2d 1276
 

 [2]
 

 .
 
 Bell v. Rimkus Consulting Group, Inc. of La.,
 
 08-491 (La.App. 5 Cir. 1/13/09), 8 So.3d 64,
 
 writ denied,
 
 09-0329 (La.4/24/09), 7 So.3d 1198.
 

 [3]
 

 . That action was dismissed by the trial court and affirmed by this Court in
 
 Bell v. Rimkus Consulting Group, Inc. of La.,
 
 09-343 (La. App. 5 Cir. 1/12/10), 31 So.3d 446.
 

 [4]
 

 .
 
 Rimkus Consulting Group, Inc. v. Cammara-ta, et ai,
 
 688 F.Supp.2d 598 (S.D.Tex.2010), U.S. District Court, Southern District of Texas.
 

 [5]
 

 . The claim against Bell relating to the promissory note was rendered moot after a settlement on that issue and a ruling by the trial court on other issues that are now final eliminated the other claims.
 

 [6]
 

 . La. C.C.P. art. 966(A)(2);
 
 Bell v. Rimkus Consulting Group, Inc. of La.,
 
 07-966 (La. App. 5 Cir. 3/25/08), 983 So.2d 927, 929,
 
 writ denied,
 
 08-0891 (La.6/20/08), 983 So.2d 1276.
 

 [7]
 

 . La. C.C.P. art. 966(B).
 

 [8]
 

 . La. C.C.P. art. 966(C)(2).
 

 [9]
 

 .
 
 Id.
 

 [10]
 

 .
 
 Bell v. Rimkus, supra,
 
 at 929.