JUDE G. GRAVOIS, Judge.
| ¡¡Plaintiff, Michael O. Read, appeals a grant of summary judgment in favor of defendant, Willwoods Community (“Will-woods”), which found that as a matter of law, plaintiff failed to prove that he had an employment contract with defendant for a definite term. For the following reasons, we reverse, finding that this matter was not appropriately decided on summary judgment, and remand for further proceedings.

FACTS AND PROCEDURAL HISTORY

Plaintiff, Michael 0. Read, filed suit against defendant Willwoods[1] alleging that the parties had entered into an oral employment contract for a minimum defined term of five years, and that Willwoods breached that contract by ^terminating Mr. Read after only one year without identifying any serious ground of complaint or issue of cause for the termination.
Mr. Read’s petition alleged that he was approached by Willwoods’ Chairman of the Board, John Becker, in early 2009 to submit his résumé for the newly created position of Executive Director. This position was created for the purpose of grooming a successor to the President of Willwoods, Father Thomas Chambers, who was then 74 years old. Mr. Read, a lawyer, insurance executive, and banker, who was then currently employed by Capital One Bank, also had a twenty-three year working relationship with Father Chambers, they having served together on the Holy Cross College Board of Regents, as well as having worked together in other church-related activities. Mr. Read and Father Chambers also had a very close personal relationship as well, with Father Chambers being a frequent visitor and companion to the Read family home and having performed the wedding ceremonies of at least two of Mr. Read’s children. Mr. Read also stated in his deposition that he also knew the members of the Hiring Committee very well. The Hiring Committee, formed for the purpose of finding the Executive Director, consisted of then members of Willwoods’ Board of Directors: John Becker, Patrick Veters, Msgr. Christopher Nalty, and Dr. Frank Schmidt. He described them in the trial court and in brief to this Court as “friends of longstanding.”
The record shows that while the Hiring Committee also considered several other candidates for the position, they considered Mr. Read to be the “best candidate” and several days after a formal interview, offered him the position, which he accepted. The contract was oral. The terms were never reduced to writing. Further, Mr. Read’s job description was never reduced to writing. Mr. Read alleged, however, that during the interview, Mr. Veters asked him if he was willing to commit to working for at least “five to six years,” as the Hiring | ^Committee did not wish to “go through this process” again anytime soon. Mr. Read agreed that he was prepared to commit to this term. Mr. Read asserts that one of the reasons for his agreement was that he would be leaving longstanding employment that he considered secure, and that he had family obligations that required that he have secure employment, facts of which the Hiring Committee was well aware given their longstanding mutual friendships. It appears to be uncontested that the term of employment was not mentioned again, and was not discussed when Mr. Read accepted the offer of employ *537 ment and began working as Willwoods’ Executive Director on June 1, 2009.
Willwoods terminated Mr. Read’s employment on June 22, 2010 after first asking him to resign voluntarily, which he refused to do. Mr. Read characterized the termination as completely unexpected and without any prior complaint or ground of complaint about his service. This suit for damages followed. Willwoods answered and requested a jury trial.
After discovery was conducted and depositions were taken, Willwoods moved for a summary judgment, arguing that as a matter of law, Mr. Read could not establish that he was employed for a definite term by Willwoods. Willwoods argued that as a matter of law, the question posed by Mr. Veters to Mr. Read at the interview did not establish an employment contract for a definite term. The motion was supported with deposition testimony of Mr. Read and various witnesses. Mr. Read opposed the motion for summary judgment, arguing that the record as a whole established a genuine issue of material fact as to whether he had been offered employment for a definite term. He also supported his position with various deposition testimony and his sworn affidavit.
The trial court granted Willwoods’ motion for summary judgment and dismissed plaintiffs suit against Willwoods with prejudice, finding that if the term [ ,;of employment was so important to Mr. Read, he should have confirmed it in some way when he accepted the offer of employment. The trial court further found that Mr. Read failed to overcome the defendant’s arguments by “substantial facts,” and that some of the “corroborating circumstances” necessary to prove a term of employment “were totally within the mind of the plaintiff,” i.e., that it was the plaintiffs subjective belief that he had been offered employment with a definite term of at least five years. This appeal followed.

APPLICABLE LAW AND ANALYSIS

Summary judgments are reviewed on appeal de novo, with the appellate court using the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. Smith v. Our Lady of the Lake Hospital, Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 750. The summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action. The procedure is favored and shall be construed to accomplish these ends.
A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B). The initial burden of proof is with the mover to show that no genuine issue of material fact exists. If the moving party will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. The non-moving party must then produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the non-moving party fails to do so, there is no genuine issue of material fact and summary judgment |7should be granted. LSA-C.C.P. art. 966(C)(2); Callis v. Jefferson Parish Hosp. Service, Dist. # 1, 07-580, pp. 4-5 (La.App. 5 Cir. 12/27/07), 975 So.2d 641, 643. Whether a particular fact is material can be seen only in light of the substantive law applicable to the case. Hubbard v. Jefferson Parish Parks and Recreation, 10-24 (La.App. 5 Cir. 5/25/10), 40 So.3d 1106, 1110.
*538 Even though summary judgment procedure is favored, it is not a substitute for trial and is rarely appropriate for judicial determination of subjective facts such as motive, intent, good faith or knowledge. Penalber v. Blount, 550 So.2d 577 (La.1989); Greer v. Dresser Indus. Inc., 98-129 (La.App. 3 Cir. 7/1/98), 715 So.2d 1235, writ denied, 98-2094 (La.11/6/98), 728 So.2d 867; Tucker v. Northeast Louisiana Tree Service, 27,768 (La.App. 2 Cir. 12/6/95), 665 So.2d 672, writ denied, 96-63 (La.3/8/96), 669 So.2d 404. Subjective facts call for credibility evaluations and the weighing of testimony and summary judgment is inappropriate for such determinations. Greer, 715 So.2d 1235; Helwick v. Montgomery Ventures Ltd., 95-765 (La.App. 4 Cir. 12/14/95), 665 So.2d 1303, writ denied, 96-175 (La.3/15/96), 669 So.2d 424.
In determining whether an issue is genuine for purposes of a summary judgment, courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence. Coto v. J. Ray McDemott, 99-1866 (La.App. 4 Cir. 10/25/00), 772 So.2d 828; Oakley v. Thebault, 96-0937 (La.App. 4 Cir. 11/13/96), 684 So.2d 488, 490; Helwick v. Montgomery Ventures Ltd., 95-0765 (La.App. 4 Cir. 12/14/95), 665 So.2d 1303, 1306.
In Louisiana, there are two types of contracts for hire: 1) the limited duration contract, and 2) the terminable at will contract. The distinction between the two is that under a limited duration contract, the parties have agreed to be bound for a certain period of time during which the employee is not free to depart without | assigning cause, nor is the employer at liberty to dismiss the employee without assigning any reason for so doing. See L.S.A.-C.C. arts. 2746-2750; see also Brodhead v. Board of Trustees for State Colleges and Universities, et al., 588 So.2d 748 (La.App. 1 Cir.1991). The parties must consent to the period of time that is to be the duration of the contract. The party relying on an alleged contract of employment for a set duration of time has the burden of proof that there was a meeting of the minds on the length of time of the employment. Under facts showing no meeting of the minds, the contract of employment for a set duration of time is void for lack of consent, and what remains is a contract of employment terminable at will. Id.
The fact that Mr. Read, the Hiring Committee members, and Father Chambers had longstanding personal and working relationships of varying degrees appears to be uncontested. The facts that Mr. Veters asked Mr. Read in the interview if he was willing to commit to a term of five to six years if hired, and that Mr. Read agreed to that commitment in the interview, also appear to be uncontested. Likewise, it appears to be uncontested that when Mr. Read was orally offered the employment, the term was not mentioned at that time, and neither the contract of employment nor Mr. Read’s job description were reduced to writing. What is contested, however, is whether those facts show that Willwoods is entitled to judgment as a matter of law. We find that at this stage of the proceeding, they do not.
We agree with Mr. Read that the trial court’s reasons for judgment make it clear that he determined the parties’ intent, which is a subjective fact, by weighing the evidence, evaluating the testimony, and making credibility determinations, which is impermissible in summary judgment practice. We do not hold that a single statement, in and of itself, made at a job interview is necessarily enough to create a contract with a definite term of employment. In this case, however, the |3intent and effect of Mr. Veters’ statement to Mr. Read at the job interview must be consid *539 ered within the entire context of the parties’ relationships and history, and the entire interview process. This is the very “judicial determination” of subjective facts such as motive, intent, good faith or knowledge that is prohibited on summary judgment, which is what the trial court did here. This was inappropriate on a motion for summary judgment.
We are guided not only by the law on summary judgment as stated above, but also by case law that has interpreted LSA-C.C. art. 2749 relative to proving oral contracts for employment that contain definite terms of length. In Brodhead, supra, the court determined after a trial on the merits that the entirety of the evidence, which consisted of various oral representations and statements and written drafts and proposals, supported plaintiffs allegation that he had been offered and had accepted an employment contract for a definite term of five years.[2]
Similarly, in Meredith v. Louisiana Federation of Teachers, 209 F.8d 398 (5th Cir.2000), a jury decided that under Louisiana law, “substantial evidence” showed that the plaintiff had negotiated a contract for a definite term of employment with the defendant, when there was no written contract to interpret.
Our reversal of summary judgment herein is not a determination of which party should succeed on the merits, but is only a determination that this matter was not appropriately decided on summary judgment.
|in CONCLUSION
Accordingly, for the reasons expressed above, the grant of summary judgment in favor of defendant Willwoods is reversed, and the matter is remanded for proceedings consistent with this opinion.

REVERSED AND REMANDED

EDWARDS, J., dissents with reasons.

. Willwoods is a private charitable foundation subject to the "precepts of the Roman Catholic Church.” It is uncontested in this case that Willwoods, like any private employer in Louisiana, is subject to Louisiana employment statutes and the laws relating to obligations.

. The court of appeal reversed, however, finding a lack of substantial evidence that the parties ever agreed to a definite term of employment. This reversal does not, however, undermine the point for which we rely on this case, which is that the matter, which involved the interpretation of a combination of oral representations and written offers and counter offers, was appropriately decided in a trial on the merits, not summary judgment, where the trier of fact could properly evaluate testimony, credibility, and thereby determine subjective facts.