JUDE G. GRAVOIS, Judge.
|2In this breach of contract case, Mark Lobell, individually and as principal and agent of Delta Medical Equipment and Supplies, Co. and Performance Medical, Inc., defendants .(collectively “Mr. Lobell,” except where context requires otherwise),[1] appeal a partial summary judgment on the *691 issue of liability granted in favor of plaintiff, Mary N. Boros, on her claim that Mr. Lobell and his said companies breached a “non-disparagement” clause contained in a settlement agreement the parties entered into when they severed their employment relationship. On appeal, Mr. Lobell argues that granting of partial summary judgment on the issue of liability was inappropriate at this time because Ms. Boros failed to bear her burden, of proof, numerous genuine issues of materia,! fact remain outstanding, and Louisiana law does not support partial summary judgment on the issue of liability on Ms. Boros’s claim.
After thorough de novo review, for the following reasons, we find that Ms. Boros failed to bear her burden of proof and genuine issues of material fact remain |sat this time. Accordingly, we reverse the trial court’s grant of partial summary judgment on the issue of liability and remand the matter for further proceedings.

FACTS AND PROCEDURAL HISTORY

As the trial judge aptly noted during the hearing on Ms. Boros’s motion for partial summary judgment, the motion concerns the breach of contract cause of action asserted by Ms. Boros in her petition, rather than her tort allegations of defamation. Mr. Lobell and Ms. Boros previously had a professional and personal relationship. From September 22, 2003 through October 6, 2006, Ms. Boros was employed by Performance Medical, Inc., a company owned by Mr. Lobell that performed nerve conduction studies for various physicians and medical practitioners. While Ms. Boros was employed by Performance Medical, she and Mr. Lobell engaged in a consensual sexual relationship, which began within the first month of employment and- lasted for approximately four months. After their personal relationship ended, it was alleged that Mr. Lobell reduced Ms. Bo-ros’s pay and eventually terminated her from employment. After she threatened to file a sexual harassment suit against Mr. Lobell and his companies, the parties entered into a settlement agreement, dated November 7, 2006, which provided that Ms. Boros would not pursue the sexual harassment suit, and in return she was released from a non-compete agreement that she had'signed when she became employed by Performance Medical. Pertinent'to this appeal, the settlement agreement also contains a “non-disparagement” clause, which provided:
The Parties agree not to say or author anything that disparages, criticizes, defames or otherwise reflects negatively upon the name of the other. If one of the parties is found to have breached this provision of this Agreement, that party hereby acknowledges that the other party will be entitled to seek and recover all legally provable damages, plus costs and attorney’s fees if determined to be the prevailing party.
I ¿After the settlement agreement was consummated, Ms. Boros formed a limited liability company, Specialized Diagnostics, L.L.C., which competed directly with Mr. Lobell’s businesses, targeting some of the same medical practitioners and physicians as potential clients. The record suggests, but is not entirely clear, that Ms. Boros was Specialized Diagnostics’s sole owner and sole employee.
On December 18,2007, Ms. Boros filed a petition for damages against Mr. Lobell and his companies, alleging that he and/or members of his staff violated the above-quoted “non-disparagement” clause'by going to various physicians’ offices and advising them that “the way in which [Ms. Boros’s] business was set up, .. and the way in which the billing of Medicare for [Ms. Boros’s] testing was done, “was ille *692 gal.’”[2] Ms. Boros also alleged in her petition- that “[t]hese remarks as said and/or authored by [Mr.] Lobell disparaged, criticized, .defamed or otherwise reflected negatively upon the name of [Ms.] Boros, and have effectively removed all business and business opportunity from her.” Ms. Boros further alleged that her business and business opportunity has been ruined by the “contract-breaching disparagement” and she lost profits as a result thereof. She prayed for damages, interest, attorney’s fees and costs from defendants.[3]
On June 24, 2014, Ms. Boros. filed a motion for partial summary judgment on the issue of liability. In her motion and the accompanying memorandum, Ms. Bo-ros alleges that Mr. Lobell engaged in communications with third parties which disparaged her personally and professionally, including communications accusing her of engaging in unlawful business practices and discussions of sexual relations. |BShe supported her motion for partial summary judgment with her employment contract with Performance Medical, the settlement agreement the parties entered into, and excerpts from Mr. Lobell’s deposition, asserting that Mr. Lobell admitted in his deposition that he made statements regarding Ms. Boros’s company’s “illegal” business practices , to at least one physician, and that he discussed “his affair with Ms.. Boros” with another physician and/or employees at that office. Ms,. Boros argued that Mr. Lobell’s alleged admissions in his deposition are sufficient proof of liability of her disparagement claim.
Mr. Lobell filed an opposition to the motion for partial summary judgment, asserting that numerous material issues of fact remained in dispute, including whether or not he made disparaging statements about Specialized Diagnostics’s proposed billing model, whether or not those statements constituted disparagement of “the name of Mary Boros,” when and to whom all statements complained of were made, and what specific words were used in the statements complained of. He pointed out that Ms. Boros provided no affidavits from anyone who allegedly heard such statements, and that the exact words he used and the exact persons to whom he spoke could not be identified with specificity from - the evidence presented, asserting that whether Ms. Boros was disparaged depended, at a minimum, on the specific words he used, the context in which any alleged statements were made, and how those words were perceived by the supposed audience.
The matter was heard on August 12, 2014. At the conclusion of the hearing, the trial court granted Ms. Boros’s motion for partial summary judgment on the issue of liability, specifically noting that such finding was based on “admissions in the depositions that were taken.” A written judgment granting the motion for partial summary judgment was signed on August 19,. 2014, which judgment was ^certified as immediately appealable on September 26, 2014. This appeal by Mr. Lobell followed.

LAW AND ANALYSIS

As this Court recently stated, in Read v. Willwoods Community, 11-222 (La.App. 5 Cir. 2/14/12), 88 So.3d 534, 537- *693 538, concerning the granting of summary judgments:
Summary judgments are reviewed on appeal de novo, with the appellate court using the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. Smith v. Our Lady of the Lake Hospital, Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 750. The summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action. The procedure is favored and shall be construed to accomplish these ends.
A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show thát there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B). The initial burden of proof is with the mover to show that no genuine issue of material fact exists. If the moving party will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. The non-moving party must then produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the non-moving party fails to do so, there is no genuine issue of material fact and summary judgment should be granted. LSA-C.C.P. art. 966(C)(2); Callis v. Jefferson Parish Hosp. Service, Dist. 1, 07-580, pp. 4-5 (La.App. 5 Cir. 12/27/07), 975 So.2d 641, 643. Whether a particular fact is material can be seen only in light of the substantive law applicable to the case. Hubbard v. Jefferson Parish Parks and Recreation, 10-24 (La.App. 5 Cir. 5/25/10), 40 So.3d 1106, 1110:
Even though summary judgment procedure is favored, it is not a substitute for trial and is rarely appropriate for judicial determination of subjective facts such as motive, intent, good faith or knowledge. Penalber v. Blount, 550 So.2d 577 (La.1989); Greer v. Dresser Indus., Inc., 98-129 (La.App. 3 Cir. 7/1/98), 715 So.2d 1235, writ denied, 98-2094 (La.11/6/98), 728 So.2d 867; Tucker v. Northeast Louisiana Tree Service, 27,768 (La.App. 2 Cir. 12/6/95), 665 So.2d 672, writ denied, 96-63 (La.3/8/96), 669 So.2d 404. Subjective facts call for credibility evaluations and the weighing of testimony and summary judgment is inappropriate for such determinations. Greer, 715 So.2d 1235; Helwick v. Montgomery Ventures Ltd., 95-765 (La.App. 4 Cir. 12/14/95), 665 So.2d 1303, writ denied, 96-175 (La.3/15/96), 669 So.2d 424.
In determining whether an issue is genuine for purposes of a summary judgment, courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence. Coto v. J. Ray McDermott, 99-1866 (La.App. 4 Cir. 10/25/00), 772 So.2d 828; Oakley v. Thebault, 96-0937 (La.App. 4 Cir. 11/13/96), 684 So.2d 488, 490; Helwick v. Montgomery Ventures Ltd., 95-0765 (La.App. 4 Cir. 12/14/95), 665 So.2d 1303, 1306.
On appeal, Mr. Lobell argues that the definition of “disparagement” under Louisiana case law is unsettled, thereby precluding the granting of the motion for partial summary judgment on the issue of liability.[4] He further argues that Ms. Bo- *694 ros failed to prove her case, in that the evidence attached to her motion was insufficient to prove liability, as it consisted only of “isolated and .vague” statements from Mr. Lobell’s deposition testimony, which are quoted out of context, and not testimony from the persons to whom the statements were made. Thus, Mr. Lobell argues that genuine issues of material fact remain regarding whether the statements in question were 'indeed disparaging.
Mr. Lobell also argues that his statements about Specialized Diagnostics, as recounted by him in his deposition, are not about Ms. Boros herself and do not specifically refer to her by name, but rather are about Specialized Diagnostics and its business practices, and thus do not violate the non-disparagement clause, which prohibits disparaging statements “in the name of the other.” Mr. Lobell also argues that whether a statement is disparaging depends upon the context in which the statement was made, to what audience it was made, and how that audience perceived the statement.
In response on appeal, Ms. Boros repeats the arguments she made in the trial court that the statements Mr. Lobell admitted making in his deposition regarding 18her company’s “illegal” business practices and his affair with .her are sufficient proof of liability in her disparagement claim.
The non-disparagement clause contained in the settlement agreement prohibits either party from “say[ing] or authoring] anything that disparages, criticizes, defames or otherwise reflects negatively upon the name of the other.” These verbs have commonly understood meanings that do not require case law to define them for purposes of this case.[5] The prohibition clearly includes verbal speech as well as written statements, and because the prohibition is not limited to defamatory statements,- the truth of such statements is not a defense as to whether they are critical, disparaging, or negative.
Upon de novo review, we find that the statements in question made by Mr. Lobell must be reviewed and analyzed within the context in which they were made. A finding of liability regarding these statements will depend upon a determination of contextual facts not established by the record before us, including exactly what was said and by whom, when these statements were made, to whom these statements were made, the motive, knowledge, and intent of Mr. Lobell in making these statements, as well as, importantly, the perspective of the audience to whom these statements were directed.
Further, the non-disparagement clause clearly ■ prohibits disparagement of “the name of the other.” Although Ms. Boros alleges that in the deposition excerpts provided with her motion for partial summary judgment Mr. Lobell admitted making a statement to at least one physician-client that Specialized Diagnostics’s alleged billing practices were “illegal,”- we find that on the record before us, there -remains a genuine issue of material fact as to whether Ms. Boros’s name had sufficient identity with her LLC as to make Mr. Lobell’s statement about Specialized Diagnostics’s alleged “illegal” billing practices dispar *695 agement of Ms. Boros’s name, a requirement of the non-disparagement clause.
Further, we find that it is not clear from the record before us as to whether any statements made by Mr. Lobell concerning his affair with Ms. Boros were made contemporaneously with the affair, which would not violate the non-disparagement clause, as it did not exist at that time, or after the parties executed the settlement agreement.

CONCLUSION

For the foregoing reasons, because Ms. Boros failed to bear her burden of proof and genuine issues of material fact remain at this time, we reverse the trial court’s grant of partial summary judgment on the issue of liability and remand the matter for further proceedings.

REVERSED AND REMANDED

. Deltá Medical Equipment and Supplies, Co. and Performance Medical, Inc. are also named as defendants’ in this case.

. The petition for damages also asserted a tort claim for damages for defamation; however, such claim is not at issue in this appeal.

. Notably, Ms. Boros’s petition-fails to specifically include any allegations that Mr. Lobell or anyone on his behalf made any disparaging statements concerning the sexual relationship the parties had engaged in, although this allegation is made later in Ms. Boros’s motion for partial summary judgment.

. Case law in this state is sparse regarding analysis of non-disparagement clauses in a *694 breach of contract case; the prevailing case law appears to discuss non-disparagement in a tort context. See, e.g,, Bell v. Rimkus Consulting Group, Inc., 10-80 (La.App. 5 Cir. 5/25/10), 40 So.3d 1070, 1071; Weatherall v. Department of Health & Human Resources, 432 So.2d 988, 990 (La.App. 1 Cir.1983).

. "Disparage” is defined by Black's LawDic-tionary, Fifth Edition, as "to discredit one’s person or property.” It is also defined as "to speak of or treat slightingly; depreciate; belittle ...” or "to bring reproach or discredit upon; lower the estimation of.... ”