JOHNSON, J.
In this slip and fall case, Plaintiff appeals the granting of summary judgment in favor of one of the defendants, Ochsner Clinic Foundation ("Ochsner"), dismissing her claims against Ochsner with prejudice. For the reasons that follow, we reverse.
FACTS & PROCEDURAL HISTORY
On May 25, 2011, Plaintiff, Doris Stogner, accompanied her friend, John Esteves, to Ochsner on Jefferson Highway for his doctor's appointment. As they were walking towards the parking garage's elevators through the atrium, Ms. Stogner slipped and fell to the ground. Ochsner's security officer, Frank George, responded to the scene within minutes and noted there was some type of liquid substance on the floor where Ms. Stogner slipped. He further noted there were no caution signs posted in the area. Ms. Stogner was subsequently taken to the emergency department after complaining of back pain.
On May 21, 2012, Ms. Stogner filed suit against Ochsner seeking damages for injuries she allegedly sustained to her back, right knee and right ankle as a result of the fall.[1] In her petition for damages, she *1256 asserted that Ochsner was negligent for failing to maintain the atrium common area in a safe condition and in allowing the slippery substance to exist on the floor, and that it was strictly liable for the defective condition of the floor. She also asserted Ochsner was liable under the theory of res ipsa loquitur .
Ms. Stogner later amended her petition to add Anthony's Landscaping, L.L.C. ("Anthony's Landscaping") and its insurer, Seneca Specialty Insurance Company, as defendants. Ms. Stogner alleged that Anthony's Landscaping contracted with Ochsner to provide plant installation and maintenance services at the Ochsner facility where the incident occurred, and that its employees were actively maintaining plants at the facility at the time of the incident. She asserted that Anthony's Landscaping contributed to the creation of the unreasonably dangerous condition at issue on Ochsner's premises.
In July 2017, Ochsner filed a motion for summary judgment on the basis Anthony's Landscaping was an independent contractor for which Ochsner was not liable, and that it undertook reasonable measures to eliminate the risk of someone slipping and falling on its premises and, thus, could not be liable under negligence, strict liability or res ipsa loquitur . In support of its motion, Ochsner submitted several exhibits - the partial depositions of various witnesses indicating Ms. Stogner slipped on a liquid substance and that there was someone taking care of the plants in the area; Ochsner's "standing order" for the services of Anthony's Landscaping for the period of July 2010 through June 2013; and the affidavit of the assistant vice president for support services at Ochsner (Lawrence Lorio), which stated that Ochsner had a set procedure for the inspection of the premises on the date of the incident.
Ms. Stogner opposed the motion for summary judgment, relying on many of the same exhibits used by Ochsner as well as various discovery responses by Ochsner. Ms. Stogner maintained there were genuine issues of material fact regarding the source of the liquid substance that caused her fall, the status of Anthony's Landscaping as an independent contractor, whether Ochsner conducted proper inspections of the premises and followed its own procedures and policies for inspections on the day of the accident, and whether the flooring was slip resistant as required by applicable building and safety code standards.
A hearing on the motion for summary judgment was held on November 21, 2017. During the motion hearing, Plaintiff's counsel conceded that this case was not one of strict liability,[2] but maintained Plaintiff's claims of negligence and res ipsa loquitur . At the conclusion of the hearing, the trial court granted summary judgment in favor of Ochsner. The trial court reasoned that there was no issue of material fact regarding the origin of the liquid substance on the floor. The trial court explained that if the liquid was caused by Anthony's Landscaping through watering the plants, Ochsner was not responsible because Anthony's Landscaping was an independent contractor. The trial court further determined Ochsner established it had a sufficient procedure in place for inspecting the premises and there was no evidence that the procedure had not been followed on the day of the accident. The *1257 trial court signed a written judgment on December 5, 2017, granting Ochsner summary judgment and dismissing it from the lawsuit.
ISSUE
Plaintiff appeals the granting of summary judgment in favor of Ochsner, arguing that several genuine issues of material fact exist so as to preclude summary judgment. Specifically, Plaintiff contends issues of material fact exist as to the origin of the liquid substance, whether Anthony's Landscaping was an independent contractor, and whether Ochsner proved it had adequate inspection procedures in place and that it followed its established procedures on the date of the accident.
LAW & ANALYSIS
Appellate courts review summary judgment de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Batiste v. United Fire & Casualty Co. , 17-482 (La. App. 5 Cir. 3/14/18), 241 So.3d 491, 496. Specifically, summary judgment shall be granted "if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(A)(3).
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action and is favored in the law. La. C.C.P. art. 966(A)(2). However, summary judgment is not a substitute for trial on the merits. Boros v. Lobell , 15-55 (La. App. 5 Cir. 9/23/15), 176 So.3d 689, 693.
The party bringing the motion bears the burden of proof; however, if the mover will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party's claim. La. C.C.P. art. 966(D)(1). Thereafter, the burden is on the adverse party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the adverse party fails to meet this burden, there is no genuine issue of material fact, and the mover is entitled to summary judgment as a matter of law. Id. Once the motion for summary judgment has been properly supported by the moving party, the failure of the adverse party to produce evidence of a material factual dispute mandates the granting of the motion. Batiste , supra, citing Babin v. Winn Dixie La., Inc. 00-78 (La. 6/30/00), 764 So.2d 37, 40.
A fact is material if it potentially ensures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. Jackson v. City of New Orleans , 12-2742 (La. 1/28/14), 144 So.3d 876, 882, cert. denied , --- U.S. ----, 135 S.Ct. 197, 190 L.Ed.2d 130 (2014). A genuine issue of material fact is one as to which reasonable minds could disagree; if reasonable minds could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. Id.
Whether a particular fact in dispute is material for purposes of summary judgment can only be determined in light of the substantive law applicable to the case. Id. When examining factual issues, courts may not consider the merits of the case, make credibility determinations, evaluate testimony, or weigh evidence. Hines v. Garrett , 04-806 (La. 6/25/04), 876 So.2d 764, 765 (per curiam ). "[D]espite the legislative mandate that summary judgments are now favored, factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in the opponent's favor."
*1258 Willis v. Medders , 00-2507 (La. 12/8/00), 775 So.2d 1049, 1050.
Hospital liability in a slip and fall case falls under the general negligence standards. Grinnell v. St. Francis Medical Center, Inc. , 48,249 (La. App. 2 Cir. 8/21/13), 156 So.3d 117, 122. Under a negligence standard, a hospital owes a duty to its visitors to exercise reasonable care for their safety, commensurate with the particular circumstances involved. Terrance v. Baton Rouge Medical Center , 10-11 (La. App. 1 Cir. 6/11/10), 39 So.3d 842, 844, writ denied , 10-1624 (La. 10/8/10), 46 So.3d 1271. This duty calls for the hospital to take reasonable measures to monitor its premises for occasional third party spills. Grinnell , supra.
In a slip and fall suit, a plaintiff makes a prima facie case when she shows that she slipped and fell on a foreign substance on the floor and that she suffered injury as a result.[3] LeBlanc v. Alton Ochsner Medical Foundation , 563 So.2d 312, 315 (La. App. 5th Cir. 1990). Once a plaintiff makes this showing, the burden of proof shifts to the premise owner to exculpate itself from the presumption of negligence by showing it acted reasonably to discover and correct the dangerous condition reasonably anticipated in its business activity. Id. at 315-16. This showing includes evidence of the enforcement of reasonable protective measures, including periodic inspections, to keep the floors free of foreign substances and debris. Id.
Since the evidence offered in connection with the motion for summary judgment showed that Ms. Stogner slipped and fell on a foreign substance on the floor and sustained injury, the burden was on Ochsner to show there were no genuine issues of material fact that it acted reasonably to discover and correct any dangerous condition.
To carry its burden of proof, Ochsner offered the sole affidavit of Lawrence Lorio, its assistant vice president for support services. In his affidavit, he attested that at the time of the accident, Ochsner had an established procedure for regular inspection of its premises. He explained the inspection procedure as follows:
(2) ...Ochsner employed a "police tech" from our environmental services department responsible to monitor the first floor atrium between the parking garage elevators and the double doors to the Clinic.
(3) The "police tech" would generally make rounds of the specific atrium area approximately every 30 minutes.
(4) Additionally, a zone coordinator would typically make rounds of the specific atrium area every one to two hours.
(5) As part of their duties, these personnel would inspect for any foreign substances on the floor in the specific atrium area and arrange for immediate appropriate cleanup if any foreign substances were found.
[Emphasis added.]
We find that based on this affidavit alone, Ochsner failed to prove that it was entitled to judgment as a matter of law. Ochsner has the burden of proving it acted reasonably to discover and correct the dangerous condition reasonably anticipated in its business activity. In determining the reasonableness of a hospital's protective measures, the fact finder must *1259 consider the relationship between the risk of a fall and the reasonableness of the measures taken by the hospital to eliminate the risk. Toussaint v. Baton Rouge General Medical Center , 18-29, *4 (La. App. 1 Cir. 6/4/18), 251 So.3d 1151, 2018 WL 2676677, 2018 La. App. LEXIS 1136. The determination of whether the measures taken by a hospital to eliminate the risk were reasonable is a question of fact. Id. "[S]ummary judgment is rarely appropriate for the disposition of issues requiring a determination of the reasonableness of acts and conduct of parties under all the facts and circumstances of a case." Jones v. Gov.'t Employees Insurance Co. , 16-1168 (La. App. 4 Cir. 6/14/17), 220 So.3d 915, 925 (internal citations omitted).
Upon review of Mr. Lorio's affidavit, we find reasonable minds could differ as to whether the stated inspection procedures were reasonable under the circumstances of the case. Additionally, there is a question of fact as to whether Ochsner acted reasonably in its efforts to discover a dangerous condition by actually enforcing its established procedures. As stated above, Ochsner must establish it acted reasonably to discover and correct the dangerous condition, which includes evidence of the enforcement of reasonable protective measures. LeBlanc , supra . Simply stating there are procedures in place where inspections of the premises are "generally" and "typically" made fails to demonstrate the reasonableness of Ochsner's actions.
Additionally, we note genuine issues of material fact exist as to the source of the liquid substance that was on the floor. Ochsner argues the liquid substance clearly came from Anthony's Landscaping, an independent contractor for which it is not liable. However, upon review of the motion for summary judgment evidence, we find the source of the liquid substance is not clear. Ms. Stogner's friend stated he saw a lady "spraying the plants" about 40-50 feet away from where Ms. Stogner fell. He noted the lady was not in uniform. Ted Anthony, with Anthony's Landscaping, stated that on the day of the accident, which was a Wednesday, Anthony's Landscaping had two male employees and not a female, who cleaned the ledges in the atrium, and not the plants. He also testified that employees wore uniforms consisting of khaki bottoms and different color shirts with the company logo.
Mr. Anthony explained that Anthony's Landscaping service schedule for Ochsner has been the same for the past 10 years - it cleans the plant leaves on Mondays and Tuesdays, cleans the atrium ledges on Wednesdays, and does plant replacement on Fridays. He further testified that no employee would have been servicing the plants on the ground level of the atrium that day. He also noted that the company does not use sprays to clean the plant leaves, but rather only a dry cloth is used.
The responding security guard, Frank George, testified that he saw people working on the plants on the second floor, not the first. He specifically noted the workers were spraying the plants and were using a spray container. Although his security report indicated that he saw the plant workers earlier in the morning before Ms. Stogner's fall, he testified in his deposition that he did not see the plant workers until after the accident.
In order to determine whether the liquid substance was caused by Anthony's Landscaping or another source, the evidence must be weighed and credibility of the witnesses must be determined, both of which are impermissible for purposes of summary judgment.
While we recognize that summary judgments are legislatively favored, as noted above, they are not and were never intended to be a substitute for a trial on the merits. Boros , supra . Upon de novo review *1260 of this case, we find there are several issues of material fact and, thus, summary judgment is inappropriate.
DECREE
For the foregoing reasons and based on the evidence presented, we find the trial court erred in granting summary judgment in favor of Ochsner. Accordingly, we vacate the December 5, 2017 judgment and remand the matter for further proceedings.
REVERSED

Plaintiff initially filed suit in Civil District Court for the Parish of Orleans. Ochsner filed an exception of improper venue which was sustained, and the lawsuit was transferred to the 24th Judicial District Court for the Parish of Jefferson.

Specifically, counsel stated: "...the only indication of strict liability is the case law, which it's strict liability per se in that Article 2315 and 2317 call for the same duty of a premises owner. But there is no direct 2317 strict liability claims here."

Because Ochsner is not a public entity, the notice requirement of La. R.S. 9:2800, which requires a plaintiff to prove the public entity had actual or constructive notice of the vice or defect, does not apply. See Hoffman v. Jefferson Parish Hosp. Servs. Dist. No. 2 , 11-776 (La. App. 5 Cir. 4/10/12), 87 So.3d 370, 374, writ denied , 12-1295 (La. 9/28/12), 98 So.3d 842.