JOHNSON, J.
Plaintiff/Appellant, Nicholas Thompson, appeals the summary judgment in favor of Defendant/Appellee, Richards Clearview, LLC d/b/a Clearview Mall (hereinafter referred to as "Clearview Mall"), that dismissed his slip-and-fall lawsuit filed in the 24th Judicial District Court, Division "E". For the following reasons, we reverse the trial court's judgment and remand the matter for further proceedings.
*557 FACTS AND PROCEDURAL HISTORY
On March 15, 2016, Mr. Thompson visited Clearview Mall in Metairie, Louisiana, with his girlfriend. At approximately 7:00 p.m., as he was exiting the main entrance of the mall facing Veterans Boulevard and heading toward his vehicle, he stepped off of the red-painted curb leading to the parking lot. While stepping down from the curb, Mr. Thompson's ankles twisted, he lost his footing, and he fell into the parking lot, allegedly causing bodily injury.
Mr. Thompson filed a "Petition for Damages" against Clearview Mall, alleging that the mall exit was defective and unreasonably dangerous. He specifically alleged that Clearview Mall was negligent in violating the building code by having a curb 9 inches above the parking lot grade and only having a 36-inch walkway between the column and the edge of the sidewalk. Mr. Thompson further alleged that he sustained a right bimalleolar ankle fracture as a result of his fall, necessitating awards of general and special damages from Clearview Mall.
In opposition, Clearview Mall filed a "Motion for Summary Judgment." In the motion, it asserted there was no genuine issue of material fact that the bright red-painted curb at issue was open and obvious to all who encountered it and was not unreasonably dangerous. Clearview Mall argued that Mr. Thompson simply misjudged his step down from the curb and fell because his right and left ankles both twisted. Clearview Mall contended Mr. Thompson could not satisfy his burden of proof at trial that the curb presented an unreasonable risk of harm, and it was entitled to summary judgment as a matter of law.
The trial court held a hearing on Clearview Mall's motion on July 24, 2018. At the conclusion of the arguments, the trial judge orally found that the curb was well-marked and was open and obvious. The trial judge also found that it did not appear from the video footage of the incident that Mr. Thompson was paying attention to where he was walking. In its written judgment, the trial court granted summary judgment in favor of Clearview Mall and dismissed Mr. Thompson's claims with prejudice. The instant appeal followed.
LAW AND ANALYSIS
On appeal, Mr. Thompson solely alleges the trial court erred in finding that Clearview Mall met its burden of proving the curb in question was not unreasonably dangerous and was open and obvious to all. He argues that the affidavit and evaluation of his expert, Neil B. Hall, was sufficient evidence to raise a genuine issue of material fact and defeat summary judgment. Mr. Thompson contends that Mr. Hall's observations and measurements demonstrated that the curb was 9 inches high and exceeded the Jefferson Parish Building Code. He further contends that Mr. Hall opined that Mr. Thompson would not have anticipated the additional riser height and his fall would be categorized as a misstep or misjudged step due to the excessive height of the curb riser.
Mr. Thompson also argues that the risk-utility balancing test shows that the 9-inch curb height was unreasonably dangerous and was not open and obvious. He asserts that Clearview Mall failed to provide evidence that he was aware of the defective condition of the curb or that he was familiar with that particular curb; thus, Clearview Mall failed to prove that the defective curb was open and obvious. Mr. Thompson further asserts that the defective condition on Clearview Mall's premises caused him to misstep or misjudge his step, resulting in his injuries.
*558 Clearview Mall avers that the trial court's determination that the subject curb was open and obvious was the correct finding based upon the facts and evidence presented, and the finding should not be disturbed on appeal. It maintains that the only evidence produced in support of Mr. Thompson's contentions was the expert report of Mr. Hall, and the report did not address whether the curb itself was unreasonably dangerous or whether the curb was open and obvious. Without any affirmative evidence to prove the subject curb was unreasonably dangerous, Clearview Mall argues that Mr. Thompson failed to refute the fact that the condition of the curb was open and obvious in nature.
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action and is favored. La. C.C.P. art. 966(A)(2). Appellate courts review summary judgments de novo under the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. Stogner v. Ochsner Clinic Foundation , 18-96 (La. App. 5 Cir. 9/19/18), 254 So.3d 1254, 1257, citing Batiste v. United Fire & Casualty Co. , 17-485 (La. App. 5 Cir. 3/14/18), 241 So.3d 491, 496. Summary judgment shall be granted "if the motion, memorandum, and supporting documents shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." Id. , quoting La. C.C.P. art. 966(A)(3).
A material fact is one that potentially insures or prevents recovery, affects a litigant's ultimate success, or determines the outcome of the lawsuit. Populis v. State Department of Transportation and Development , 16-655 (La. App. 5 Cir. 5/31/17), 222 So.3d 975, 980, quoting Pouncy v. Winn-Dixie La., Inc. , 15-189 (La. App. 5 Cir. 10/28/15), 178 So.3d 603, 605. An issue is genuine if it is such that reasonable persons could disagree. If only one conclusion could be reached by reasonable persons, summary judgment is appropriate as there is no need for trial on that issue. Id.
The party moving for summary judgment bears the burden of proof. Stogner , supra , citing La. C.C.P. art. 966(D)(1). However, if the mover will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party's claims. Id. Thereafter, the burden shifts to the adverse party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. Id. If the adverse party fails to meet this burden, there is no genuine issue of material fact, and the mover is entitled to summary judgment as a matter of law. Id. Once the motion for summary judgment has been properly supported by the moving party, the failure of the adverse party to produce evidence of a material factual dispute mandates the granting of the motion. Id. , citing Babin , supra .
When considering owner or custodian liability, La. C.C. art. 2317.1 provides,
[t]he owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.
When evaluating the duty owed relative to a sidewalk condition, the facts and surrounding circumstances of each case control, and the test applied requires consideration of whether the sidewalk was maintained in a reasonably safe condition for persons exercising ordinary care and *559 prudence. Bufkin v. Felipe's Louisiana, LLC , 14-288 (La. 10/15/14), 171 So.3d 851, 856. Courts have adopted a risk-utility balancing test to determine whether such a condition is unreasonably dangerous, wherein the trier of fact balances the gravity and the risk of harm against the individual and societal utility and the cost and the feasibility of repair. Id. The risk-utility balancing test has four pertinent factors: (1) the utility of the complained-of condition; (2) the likelihood and magnitude of harm, including the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiff's activities in terms of social utility or whether the activities were dangerous in nature. Id.
In the case at bar, Clearview Mall contended in its motion for summary judgment that Mr. Thompson will not be able to satisfy his evidentiary burden of proving the second prong of the risk-utility balancing test: whether the allegedly dangerous or defective 9-inch curb was obvious and apparent. Under Louisiana law, a defendant generally does not have a duty to protect against that which is obvious and apparent. Bufkin , supra . In order for an alleged hazard to be considered obvious and apparent, the hazard should be one that is open and obvious to everyone who may potentially encounter it. Id. To support its position, Clearview Mall submitted an incident report, video footage from the incident that showed Mr. Thompson approaching the curb and falling, Mr. Thompson's deposition, and pictures of the curb in question painted in red.
To meet his burden of proving the depth of the curb was an unreasonably dangerous condition that was not open and obvious to all, Mr. Thompson submitted an expert report from Neil B. Hall, an expert in the fields of architecture, civil and structural engineering and building codes. Upon inspection, Mr. Hall found the curb measured 9 inches in riser height between the sidewalk adjacent to the building wall and the parking lot slab. He found that the most liberal building code required that the riser height not exceed 7 ¾ inches. Mr. Hall opined that if Mr. Thompson intended to step down at that location, Mr. Thompson would not have anticipated the additional riser height, and Mr. Thompson's fall could be categorized as a misstep due to the excessive height of the curb riser. He concluded that the layout and design of the walkway in front of Clearview Mall's entry/exit doors were unreasonably unsafe conditions that violated the recommendations concerning minimum walkway clearance widths of numerous design standards, and they added to the risk of a pedestrian falling off the edge of the sidewalk, which was in direct violation of building code requirements.
After review of the evidence presented, we find that Mr. Thompson produced factual support sufficient to contest whether the curb at issue was unreasonably dangerous and was not open and obvious. Thus, under the particular facts of this matter, we conclude there are remaining genuine issues of material fact, and summary judgment is inappropriate. Therefore, we find Clearview Mall is not entitled to summary judgment as a matter of law.
DECREE
For the foregoing reasons, we reverse the trial court's summary judgment in favor of Clearview Mall and remand the matter for further proceedings. Clearview Mall is assessed the costs of this appeal.
REVERSED AND REMANDED