HELEN LOPEZ LANGUIRAND AND L. LOPEZ'S SONS, INC.

VERSUS

JOHN MAGRUDER LOPEZ, SHAWN L. LOPEZ, AND JOHN MICHAEL LOPEZ

NO. 19-CA-559

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 778-739, DIVISION "K"
HONORABLE ELLEN SHIRER KOVACH, JUDGE PRESIDING

May 27, 2020

**MARC E. JOHNSON**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Marc E. Johnson

<u>**AFFIRMED**</u>
    **MEJ**
    **SMC**
    **FHW**

COUNSEL FOR PLAINTIFF/APPELLEE,
HELEN LOPEZ LANGUIRAND
    James F. Willeford
    Reagan L. Toledano

COUNSEL FOR DEFENDANT/APPELLANT,
JOHN MAGRUDER LOPEZ, SHAWN L. LOPEZ, JOHN MICHAEL LOPEZ,
AND L. LOPEZ'S SONS, INC.
    George I. Pivach, II
    Timothy Thriffiley

**JOHNSON, J.**

Appellants/Defendants, John Magruder Lopez, Shawn M. Lopez, John Michael Lopez, and L. Lopez's Sons, Inc., appeal the partial summary judgment rendered from the 24th Judicial District Court, Division "K", in favor of Appellee/Plaintiff, Helen Lopez Languirand, concerning the preemptive rights to purchase shares of a corporation. Ms. Languirand answered the appeal, seeking amendment of the judgment. For the following reasons, we affirm the partial summary judgment of the trial court and deny Ms. Languirand's request to amend the judgment.

## FACTS AND PROCEDURAL HISTORY

This is the second appeal for this matter. L. Lopez's Sons, Inc. (hereinafter referred to as "the corporation") is a family-owned corporation that was incorporated on May 10, 1950. It was started by John B. Lopez, Florian S. Lopez, Eurilda Lopez, and Florian Seal. The articles of incorporation created on May 1, 1950 included a provision in Article X that shareholders could not transfer or assign any shares held by them without first offering the shares to the board of directors to purchase. However, no other reference to a shareholder's preemptive right to shares was mentioned.

Over the years, the corporation's articles of incorporation had been revoked and reinstated twice by the Louisiana Secretary of State. The corporation's articles of incorporation were amended and restated on December 23, 2013 by the shareholders and directors. Specific articles of the original articles of incorporation were deleted or revised and substituted with newer articles. The new Article VI authorized 2,000 common shares of the corporation and the issuance of 1,000 shares from the treasury. No provision in the amended and restated articles referenced shareholder's preemptive rights. The corporation was last reinstated by the Louisiana Secretary of State on December 27, 2013.

19-CA-559                                          1

Ms. Languirand and defendants, John Magruder Lopez (hereinafter referred to as "John"), Shawn M. Lopez (hereinafter referred to as "Shawn"), and John Michael Lopez (hereinafter referred to as "John Michael"), are shareholders of the corporation. Defendants, John, Shawn and John Michael, were selected as the members of the board of directors on January 29, 2017; however, Ms. Languirand was not present at that meeting of the shareholders. On April 7, 2017, Defendants held a board meeting and passed a resolution that sold 176 treasury shares to Shawn at the price of $205/share, totaling $36,080. An additional resolution sold John Michael 24 treasury shares at the price of $205/share, totaling $4,920. On December 15, 2017, Ms. Languirand filed an action against Defendants—in her capacity as a shareholder and on behalf of the corporation—that sought to have the January 2017 election of the directors and officers for the corporation declared null and void and to have the April 2017 sale and transfer of the treasury shares declared null and void.

In *Lopez Languirand v. Lopez*, 18-245, (La. App. 5 Cir. 12/12/18); 261, So.3d 1054, this Court reviewed the trial court's judgment that sustained Defendants' exceptions of no right of action, no cause of action, prematurity, and improper cumulation of parties and dismissed all of the asserted claims with prejudice. The judgment was reversed in part on the exception of prematurity as it related to Ms. Languirand's direct action claim for violation of her preemptive rights. The portion of the judgment that dismissed Ms. Languirand's claim for violation of her preemptive rights was also reversed, and the judgment was amended to allow Ms. Languirand time to amend her petition to allege a valid cause of action. The other rulings of the trial court were affirmed.[1]

Upon remand, Ms. Languirand filed an "Amended and Restated Petition" on December 27, 2018. In her amended petition, Ms. Languirand sought the

---

[1] *See, Lopez Languirand*, *supra*, for the underlying facts of that appeal.

declaration that the resolutions for the election of directors and officers, and the actions taken by Defendants on January 28 and 30, 2017, be declared null and void. In the alternative, she sought enforcement of her preemptive rights to the corporation's shares under La. R.S. 12:1-630 by being allowed to purchase her proportionate shares of the treasury stock to maintain a controlling interest in the corporation.

On March 29, 2019, Ms. Languirand filed a "Motion for Summary Judgment" to enforce her shareholder preemptive rights. She alleged that, pursuant to La. R.S. 12:1-630, the shareholders had preemptive rights to purchase proportionate shares of the treasury stock offered for sale because the corporation was incorporated prior to January 1, 1969. Ms. Languirand asserted she was entitled to summary judgment that voided the sale of the treasury shares to Shawn and John Michael or, in the alternative, offered proportionate shares to her and the other shareholders according to law.

In their opposition to the motion for summary judgment, Defendants argued that the shareholders did not have any preemptive rights to the additional 1,000 authorized shares created in the amended and restated articles of incorporation. They contended those shares were created for a potential claim by Henry Regus, a former secretary and bookkeeper for the corporation, to shares in the corporation. They further contended there was no contemplation by the shareholders that they would have the ability to purchase those shares from the corporation before they would be transferred to Mr. Regus. Defendants also argued that, although the corporation was incorporated in 1950, the amended and restated articles were adopted after 1969, and Ms. Languirand does not enjoy preemptive rights under La. R.S. 12:1-630.

The hearing on Ms. Languirand's motion was held on August 21, 2019. In a judgment rendered on September 11, 2019, the trial court granted Ms.

Languirand's motion for summary judgment in part. The court found that Ms. Languirand holds preemptive rights under La. R.S. 12:1-630(A); the corporation failed to give her the required notice and reasonable time to exercise those rights as required by La. R.S. 12:1-630(B)(1); and, she is entitled to acquire her proportionate amount of shares issued by the corporation. In its "Reasons for Judgment," the court held that, if the shareholders did not desire to hold preemptive rights, the amended articles of incorporation were required to "opt out," as required by the statute.

The trial court then denied Ms. Languirand's motion insofar as it sought to nullify the treasury shares sold to Shawn and John Michael pursuant to La. R.S. 12:1-304. The court reasoned that Ms. Languirand did not meet her burden for summary judgment to void the sale of the treasury shares to Shawn and John Michael under La. R.S. 12:1-304(C), and she failed to establish that nullifying the sale was an equitable remedy. The trial court certified the partial summary judgment as a final, appealable judgment on September 13, 2019. The instant suspensive appeal of Defendants followed.

### ASSIGNMENTS OF ERROR

On appeal, Defendants allege that: 1) the trial court erred in granting partial summary judgment in favor of Ms. Languirand because there were genuine issues of material fact remaining; 2) the trial court was manifestly erroneous in finding that Ms. Languirand, as a shareholder of the corporation, has preemptive rights to purchase her proportionate share of treasury shares in the corporation; 3) the trial court was manifestly erroneous in determining that Ms. Languirand timely exercised any preemptive rights she may have; and, 4) the trial court was manifestly erroneous by allowing Ms. Languirand to acquire her proportionate

amount of shares in the corporation.

## LAW AND ANALYSIS

General Summary Judgment Law

The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action and is favored. La. C.C.P. art. 966(A)(2). Appellate courts review summary judgments *de novo* under the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Stogner v. Ochsner Clinic Foundation*, 18-96 (La. App. 5 Cir. 9/19/18); 254 So.3d 1254, 1257, citing *Batiste v. United Fire & Casualty Co.*, 17-485 (La. App. 5 Cir. 3/14/18); 241 So.3d 491, 496. Summary judgment shall be granted "if the motion, memorandum, and supporting documents shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." *Id.*, quoting La. C.C.P. art. 966(A)(3).

A material fact is one that potentially insures or prevents recovery, affects a litigant's ultimate success, or determines the outcome of the lawsuit. *Populis v. State Department of Transportation and Development*, 16-655 (La. App. 5 Cir. 5/31/17); 222 So.3d 975, 980, quoting *Pouncy v. Winn-Dixie La., Inc.*, 15-189 (La. App. 5 Cir. 10/28/15); 178 So.3d 603, 605. An issue is genuine if it is such that reasonable persons could disagree. If only one conclusion could be reached by reasonable persons, summary judgment is appropriate as there is no need for trial on that issue. *Id.* Whether a particular fact in dispute is material for purposes of summary judgment can only be determined in light of the substantive law applicable to the case. *Stogner*, 254 So.3d at 1257, citing *Jackson v. City of New Orleans*, 12-2742 (La. 1/28/14); 144 So.3d 876, 882, *cert. denied*, --- U.S ----, 135 S.Ct. 197, 190 L.Ed.2d 130 (2014).

The party moving for summary judgment bears the burden of proof. *Stogner*, *supra*, citing La. C.C.P. art. 966(D)(1). However, if the mover will not

bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party's claims. *Id.* Thereafter, the burden shifts to the adverse party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. *Id.* If the adverse party fails to meet this burden, there is no genuine issue of material fact, and the mover is entitled to summary judgment as a matter of law. *Id.* Once the motion for summary judgment has been properly supported by the moving party, the failure of the adverse party to produce evidence of a material factual dispute mandates the granting of the motion. *Id.*, citing *Babin v. Winn Dixie La., Inc.*, 00-78 (La. 6/30/00); 764 So.2d 37, 40.

Granting of Partial Summary Judgment and Preemptive Rights[2]

Defendants allege the trial court erred in granting partial summary judgment in favor of Ms. Languirand. They argue that genuine issues of material fact remain concerning whether the shareholders of the corporation have preemptive rights to the treasury shares. They contend that the shareholders of the corporation made a conscious decision in 2013 to create entirely new articles of incorporation; and, if the shareholders and directors wanted to provide for preemptive rights, they could have done so by placing such a statement in the amended and restated articles of incorporation. Defendants further argue that this Court should look to the intent of the shareholders in the adoption of the completely new articles of incorporation, rather than apply La. R.S. 12:1-630, as the affidavit of John Lopez shows that the shareholders did not contemplate the allowance of preemptive rights with respect to the 1,000 authorized treasury shares of stock. Defendants contend that, instead, the 1,000 treasury shares were intended to be reserved for Mr. Regus. As a result, Defendants assert that these issues of fact preclude the granting of a partial summary judgment on Ms. Languirand's preemptive rights to the shares of stock at

---

[2] The first two assignments of error will be jointly discussed because they are interrelated.

issue.

Ms. Languirand maintains that, because the corporation was incorporated prior to January 1, 1969, the articles of incorporation are deemed to include preemptive rights for the shareholders pursuant to La. R.S. 12:1-630. She argues that the revocation of the charter and reinstatement and adoption of restated articles do not change the date of incorporation because the corporation never ceased to exist. She notes the restated articles of incorporation state that the corporation was reinstated retroactively, as if the corporation had never been terminated. Because the articles and bylaws are silent on the subject of preemptive rights, she avers the restated articles are presumed to include the provision for shareholder preemptive rights as a matter of law.

Ms. Languirand further maintains that the August 23, 2013 corporate resolution expressly stated that the 1,000 common shares were unissued shares to be held as treasury shares; and, there was no evidence supporting Defendants' argument that the 1,000 shares were reserved for and/or offered to Mr. Regus or that the 1,000 shares were issued prior to the sale to Shawn and John Michael. She argues that whether Shawn or any other shareholder intended for the corporation to exclude shareholder preemptive rights is not "material" for summary judgment purposes because the provisions of the articles of incorporation and La. R.S. 12:1-630(A) control whether the shareholders have preemptive rights.

La. R.S. 12:1-630 provides, in pertinent part:

A. The shareholders of a corporation do not have a preemptive right to acquire the corporation's unissued shares except to the extent the articles of incorporation so provide. ***The articles of incorporation of a corporation that was incorporated before January 1, 1969, shall be deemed to contain a statement that "the corporation elects to have preemptive rights,"*** unless the articles of incorporation contain a specific provision enlarging, limiting, or denying preemptive rights.

B. A statement included in the articles of incorporation that "the corporation elects to have preemptive rights", or words of similar import, means that the following principles apply except to the extent

the articles of incorporation expressly provide otherwise:

(1) The shareholders of the corporation have a preemptive right, granted on uniform terms and conditions prescribed by the board of directors to provide a fair and reasonable opportunity to exercise the right, ***to acquire proportional amounts of the corporation's unissued shares upon the decision of the board of directors to issue them.*** Shareholders have a fair and reasonable opportunity to exercise the right to acquire shares if they are given at least forty-five days to purchase the shares after notice to them of that right, but shorter periods of time may be fair and reasonable under the circumstances in which the shares are being issued.

(Emphasis added).

In the instant matter, the corporation was incorporated in 1950. The articles of incorporation filed with the Louisiana Secretary of State at that time did not contain a specific provision enlarging, limiting, or denying preemptive rights of the shareholders. Thus, because of the corporation was incorporated prior to January 1, 1969 and there was no specific reference to preemptive shareholder's rights in the articles of incorporation, the original articles of incorporation were deemed to contain the statement that "the corporation elects to have preemptive rights" pursuant to La. R.S. 12:1-630(A). The amended and restated articles of incorporation do not contain any specific provision enlarging, limiting, or denying the preemptive right of the shareholders that were deemed to be contained in the original articles of incorporation. Furthermore, the changes to the articles of incorporation in 2013 did not change the incorporation date of the corporation; thus, the intent of the shareholders in the drafting of the amended articles of incorporation is inconsequential to the applicability La. R.S. 12:1-630(A).

Accordingly, we find that La. R.S. 12:1-630 applies to the amended and restated articles of incorporation for the corporation, and the articles are deemed to contain preemptive rights because there was no specific provision stating otherwise.[3]

---

[3] The Comment (a) for La. R.S. 12:1-630 explains the preemptive rights inclusion by stating:

<u>Time Period to Exercise Preemptive Rights</u>

Defendants allege the trial court committed manifest error in determining that Ms. Languirand timely exercised any preemptive rights that may have existed. They argue that the sale of the treasury shares to Shawn and John Michael occurred in April 2017, and Ms. Languirand was aware of the sale by September 2017, which was evident from her September 21, 2017 letter.[4] They contend Ms. Languirand only objected to the sale of the shares and made no attempt to exercise her purported preemptive rights until March 26, 2018, when her attorney sent a letter demanding her right to purchase the treasury shares. Thus, Defendants assert that Ms. Languirand's 45-day period to exercise or demand to exercise her purported preemptive rights expired well before she made any demand to purchase the treasury shares purchased by Shawn and John Michael.

Ms. Languirand maintains that she could not waive her preemptive rights because the directors never gave her notice of her preemptive rights and the right to purchase the treasury shares prior to their sale. She contends that the only restriction on her exercise of her preemptive rights is found in La. R.S. 12:1-630(D), which requires that an action to enforce preemptive rights be filed within one year from the sale of the shares. Since the sale at issue occurred on April 7,

---

Before January 1, 1969, the effective date of the 1968 business corporation law, Louisiana provided an "opt out" form of preemptive rights; the earlier corporation statute supplied preemptive rights automatically unless a corporation's articles of incorporation provided otherwise. The 1968 statute reversed the rule, and made preemptive rights "opt in;" shareholders did not have preemptive rights unless the articles affirmatively approved them. To prevent the change in the default rule from eliminating preemptive rights in corporations whose articles were silent on the subject, the 1968 statute contained a provision that deemed the articles of pre-1969 corporations to contain a statement approving of preemptive rights, except to the extent that the articles actually enlarged, limited or denied those rights. Because this section retains the opt-in approach of the 1968 statute, and the Model Act, some pre-1969 corporations may still need the statutory transition rule that was provided in the 1968 statute. That rule has been added to Subsection A of this Section. (Internal citations omitted).

[4] In her September 21, 2017 letter, Ms. Languirand questioned the purpose of sale of the treasury shares to Shawn and John Michael and the price of the shares. She stated,

I would like to know why these shares were not offered to all the shareholders. It is my understanding that under Louisiana law[,] the company must first offer the sale of the company[-]owned shares to all of the stockholders. I did not receive notice of the intent to sell the shares, and I object to the sale.

2017, and the petition seeking enforcement of the preemptive rights was filed on December 15, 2017, Ms. Languirand avers that she did not waive her preemptive rights, and the claim is not prescribed.

In reference to the time limitations for enforcing preemptive rights claims, La. R.S. 12:1-630(D) states,

> On or after January 1, 2016, no action to enforce a preemptive right of a shareholder shall be brought unless filed in a court of competent jurisdiction and proper venue within one year of the date of the issuance of the share to which the shareholder had the preemptive right, or within one year of the date that the issuance of the share is discovered or should have been discovered. Such an action is perempted three years after the date of the issuance of the share.

Here, the sale of the treasury shares to Shawn and John Michael occurred on April 7, 2017. Although Defendants' claim that Ms. Languirand failed to assert her preemptive rights prior to March 28, 2018, that assertion is false. Ms. Languirand filed her petition asserting her preemptive rights on December 12, 2017.[5] She filed her action within one year of the sale to Shawn and John Michael. Therefore, we find that Ms. Languirand timely asserted her preemptive rights to the 1,000 treasury shares.

Furthermore, as previously mentioned, La. R.S. 12:1-630(B)(1) provides that shareholders have a fair and reasonable opportunity to exercise the right to acquire shares if they are given, at least, 45 days to purchase the shares after notice to them of that right, but shorter periods of time may be fair and reasonable under the circumstances in which the shares are being issued. In this case, there was no evidence presented that the other shareholders were given the required 45-day notice of the board of director's decision to issue any of the 1,000 treasury shares. Even though Ms. Languirand obtained knowledge of the sale of the treasury shares to Shawn and John Michael after the sale occurred, her knowledge of the event

---

[5] Ms. Languirand specifically alleged she, as a shareholder of the corporation, has a preemptive right to acquire the corporation's unissued shares because the corporation was incorporated prior to January 1, 1969.

does not alleviate the board of director's statutory requirement to give the shareholders a fair and reasonable opportunity to exercise their preemptive rights. Consequently, we find that the 45-day time period for Ms. Languirand to exercise her preemptive rights to the treasury shares never commenced to run against her claims.

Acquisition of Proportionate Amount of Shares and Answer to Appeal

Defendants allege the trial court was manifestly erroneous in allowing Ms. Languirand to acquire her proportionate amount of shares issued by the corporation. They argue that if Ms. Languirand is entitled to exercise any preemptive rights, then a reading of La. R.S. 12:1-630(B)(1) limits her acquisition to her proportionate shares of unissued shares from the corporation, and she is not entitled to acquire any of the shares issued to Shawn and/or John Michael. Defendants request that the trial court's judgment be modified to clarify Ms. Languirand's entitlement pursuant to her purported preemptive rights.

Ms. Languirand also alleges the trial court erred in ordering that she be allowed to acquire her proportionate amount of shares issued by the corporation. She asserts that the trial court should have granted her requested remedy and voided the corporation's sale of the treasury shares to Shawn and John Michael because the sale breached a fiduciary duty and constituted an *ultra vires* act. In the alternative, Ms. Languirand asserts that the trial court should have ordered Shawn and John Michael to offer and, if accepted, sell to the shareholders of the corporation the proportionate percentage of shares that should have been offered in advance of the sale of the treasury shares.

At this juncture in the proceeding, we find that it would be inappropriate to grant either of the parties' requests to amend the judgment. While La. R.S. 12:1-630 allows for a shareholder to acquire proportional amounts of the corporation's unissued shares, there is still a genuine issue of material fact as to how many of the

corporation's 1,000 treasury shares should be considered "unissued." La. R.S. 12:1-304 allows a shareholder to challenge a corporation's power to act in an action against the corporation. In a shareholder's proceeding to enjoin an unauthorized corporate act, the court may enjoin or set aside the act, if equitable. We find that the trial court is not only limited to allowing Ms. Languirand acquire to her proportionate shares of unissued treasury shares currently available, and the court has the option of nullifying the sales to Shawn and John Michael after a trial on the merits and awarding Ms. Languirand her proportionate amount from the 1,000 treasury shares. Accordingly, we deny the requests of the parties to amend the judgment.

## DECREE

Upon *de novo* review, we find that Ms. Languirand is entitled to partial summary judgment finding that she is entitled to preemptive rights pursuant to La. R.S. 12:1-630(A). For the foregoing reasons, we affirm the trial court's judgment that found Ms. Languirand holds preemptive rights; the corporation failed to give her the required notice and reasonable time to exercise these rights as required by La. R.S. 12:1-630(B)(1); and, she is entitled to acquire her proportionate amount of shares issued by L. Lopez's Sons, Inc. Defendants are assessed the costs of this appeal.

**<u>AFFIRMED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES



CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

**FIFTH CIRCUIT**
101 DERBIGNY STREET (70053)
POST OFFICE BOX 489
GRETNA, LOUISIANA 70054
www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **MAY 27, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 19-CA-559

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE ELLEN SHIRER KOVACH (DISTRICT JUDGE)
JAMES F. WILLEFORD (APPELLEE)        NICHOLAS A. HOLTON (APPELLEE)        TIMOTHY THRIFFILEY (APPELLANT)

**MAILED**
REAGAN L. TOLEDANO (ATTORNEY)        GEORGE I. PIVACH, II (ATTORNEY)
201 ST. CHARLES AVENUE                8311 HIGHWAY 23
SUITE 4208                            SUITE 104
NEW ORLEANS, LA 70170                 BELLE CHASSE, LA 70037