VINCENT CAMINITA, JR. AND MISTY
CAMINITA, FOR AND ON BEHALF OF
THEIR MINOR CHILD, GINO CAMINITA

VERSUS

THE ROMAN CATHOLIC CHURCH OF THE
ARCHDIOCESE OF NEW ORLEANS, AND
OUR LADY OF DIVINE PROVIDENCE
ROMAN CATHOLIC CHURCH, METAIRIE,
LOUISIANA D/B/A OUR LADY OF DIVINE
PROVIDENCE SCHOOL

NO. 20-C-54

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 786-180, DIVISION "M"
HONORABLE ROBERT J. BURNS, JUDGE PRO TEMPORE PRESIDING

July 08, 2020

**MARC E. JOHNSON**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Marc E. Johnson, and John J. Molaison, Jr.

**WRIT GRANTED; JUDGMENT REVERSED; SUMMARY JUDGMENT
GRANTED; CLAIMS DISMISSED**

    **MEJ**
    **FHW**
    **JJM**

COUNSEL FOR PLAINTIFF/RESPONDENT,
VINCENT CAMINITA, JR. AND MISTY CAMINITA, FOR AND ON BEHALF
OF THEIR MINOR CHILD, GINO CAMINITA
     Preston L. Hayes
     George B. Recile

COUNSEL FOR DEFENDANT/RELATOR,
THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW
ORLEANS, AND OUR LADY OF DIVINE PROVIDENCE ROMAN
CATHOLIC CHURCH, METAIRIE, LOUISIANA D/B/A OUR LADY OF
DIVINE PROVIDENCE SCHOOL
     Michael L. Deshazo
     Christine W. Adams

**JOHNSON, J.**

Relators/Defendants, the Roman Catholic Church of the Archdiocese of New Orleans and Our Lady of Divine Providence Roman Catholic Church, Metairie, Louisiana d/b/a Our Lady of Divine Providence School, seek review of the trial court's January 6, 2020 judgment that denied their motion for summary judgment. Relators argue that summary judgment should have been granted in their favor because Respondents/Plaintiffs, Vincent Caminita, Jr. and Misty Caminita, for and on behalf of their minor child, Gino Caminita, failed to present sufficient summary judgment evidence in support of their action that Relators had actual or constructive notice of any alleged water or unreasonably dangerous condition in the stairwell where Gino allegedly fell on August 29, 2017. Relators urge this Court to grant their motion for summary judgment and dismiss all of Respondents' claims against them. For the following reasons, we grant the writ application, reverse the trial court's January 6, 2020 judgment, render summary judgment in favor of Relators, and dismiss Respondents' claims.

The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action and is favored. La. C.C.P. art. 966(A)(2). Appellate courts review summary judgments *de novo* under the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Stogner v. Ochsner Clinic Foundation*, 18-96 (La. App. 5 Cir. 9/19/18); 254 So.3d 1254, 1257, citing *Batiste v. United Fire & Casualty Co.*, 17-485 (La. App. 5 Cir. 3/14/18); 241 So.3d 491, 496. Summary judgment shall be granted "if the motion, memorandum, and supporting documents shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." *Id.*, quoting La. C.C.P. art. 966(A)(3). A plaintiff may not satisfy his/her burden on summary judgment by relying on allegations and uncorroborated, self-serving testimony in response to the defendant's properly

made and supported motion for summary judgment. *Cavet v. Louisiana Extended Care Hosp.*, 47,141 (La. App. 2 Cir. 5/16/12); 93 So.3d 1122, 1131.

A material fact is one that potentially ensures or prevents recovery, affects a litigant's ultimate success, or determines the outcome of the lawsuit. *Populis v. State Department of Transportation and Development*, 16-655 (La. App. 5 Cir. 5/31/17); 222 So.3d 975, 980, quoting *Pouncy v. Winn-Dixie La., Inc.*, 15-189 (La. App. 5 Cir. 10/28/15); 178 So.3d 603, 605. An issue is genuine if it is such that reasonable persons could disagree. If only one conclusion could be reached by reasonable persons, summary judgment is appropriate as there is no need for a trial on that issue. *Id*. Whether a particular fact in dispute is material for purposes of summary judgment can only be determined in light of the substantive law applicable to the case. *Stogner*, 254 So.3d at 1257, citing *Jackson v. City of New Orleans*, 12-2742 (La. 1/28/14); 144 So.3d 876, 882, *cert. denied*, --- U.S ----, 135 S.Ct. 197, 190 L.Ed.2d 130 (2014).

The party moving for summary judgment bears the burden of proof. *Stogner*, *supra*, citing La. C.C.P. art. 966(D)(1). However, if the mover will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party's claims. *Id*. Thereafter, the burden shifts to the adverse party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. *Id*. If the adverse party fails to meet this burden, there is no genuine issue of material fact, and the mover is entitled to summary judgment as a matter of law. *Id*. Once the motion for summary judgment has been properly supported by the moving party, the failure of the adverse party to produce evidence of a material factual dispute mandates the granting of the motion. *Id*., citing *Babin v. Winn Dixie La., Inc.*, 00-78 (La. 6/30/00); 764 So.2d 37, 40.

In the case at bar, on July 31, 2018, Respondents filed a "Petition for Damages." In their petition, Respondents alleged that, on August 29, 2017, Gino—a fifth grader at Our Lady of Divine Providence School for the 2017-2018 school year—slipped and fell on the stairs because water had accumulated due to a leak in the roof of the building; and, as a result, Gino sustained serious injuries. They averred that the leaky roof and accumulated water on the stairs created an unreasonably dangerous condition, pursuant to La. C.C. art. 2317, that caused Gino to slip and fall.

Relators filed a "Motion for Summary Judgment" in response to the petition. In their motion, Relators argued that Respondents were unable to produce any evidence to support their allegations. They contended that there were no witnesses to the incident, and aside from Gino's self-serving testimony, there was no evidence demonstrating the existence of an unreasonably dangerous condition at the school; and, in fact, Gino immediately reported to the school administration that he tripped and fell over his own schoolbag, making no mention of slipping on any water on the ground. Relators further contended that Respondents had no evidence to prove that Relators had actual or constructive notice of any unreasonably dangerous condition at the school. In support of their motion, Relators submitted excerpts from depositions from Gino, Vincent, and Misty; affidavits from school administrators, Debbie Lobell, Mary Lovecchio, and Elvina DiBartolo, attesting that Gino did not report slipping and falling in water, but instead reported he tripped over his backpack; an incident report created by Mary Lovecchio and accompanying notes stating that Gino tripped over his backpack and fell; and, the affidavit of Jim Young, the school's Facilities Manager, stating there was no issue with the roof or the ceiling above the stairwell where Gino fell.

In opposition to the motion, Respondents maintained that the leaky roof and accumulated water on the stairs created an unreasonably dangerous condition,

causing Gino to slip and fall. They alleged that Relators' narrative of the events was different from Gino's sworn testimony; however, those were credibility determinations inappropriate for summary judgment. Respondents presented the following evidence in support of the position that there was a remaining genuine issue of material fact on whether Relators had actual or constructive notice of the unreasonably dangerous condition: the deposition of Mary Lovecchio, stating that she continued to take notes after August 29, 2017, and she had no knowledge of any water stains in the stairwell; the affidavit and report of Thomas Kelting—a certified American Society of Home Inspectors inspector with a Masters of Meteorology—that stated there was a heavy rain on the date of the incident, and there were water stains on ceiling of the stairwell, indicating leaks in the roof, when he inspected the property on November 20, 2019; excerpts of Gino's deposition, attesting that there was a moisture spot on the ceiling of the stairwell dripping water when he fell; and, excerpts from Jim Young's November 15, 2019 deposition, stating there were never any water stains above the stairs in August 2017, and the stairwell was in the same condition as of the date of his deposition.

In this matter, it would be Respondents' burden to prove at trial that Relators had actual or constructive notice of the alleged unreasonably dangerous condition in the stairwell that caused Gino's fall and injuries. When considering owner or custodian liability, La. C.C. art. 2317.1 provides, in pertinent part,

> [t]he owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.

To prove liability for an unreasonably dangerous defect, a plaintiff has the burden of showing that the thing was in the custodian's custody or control; it had a vice or defect that presented an unreasonable risk of harm; the defendant knew or should

have known of the unreasonable risk of harm; and, that the damage was caused by the defect. *Cangelosi v. Treasure Chest Casino, L.L.C.*, 18-72 (La. App. 5 Cir. 7/31/18); 252 So.3d 559, 564, *writ denied*, 18-1446 (La. 11/20/18); 256 So.3d 997. Thus, for summary judgment purposes, Relators were only required to point out that there is an absence of factual support for one or more elements essential to Respondents' claims; and, Relators argued there was an absence of factual support that they knew or should have known of the unreasonable risk of harm.

After *de novo* review, we find that Respondents failed to present evidence that Relators knew or should have known of the unreasonable risk of harm, *i.e.*, the alleged water leak in the stairwell. Gino testified that he saw a moisture spot on the ceiling that dripped water after he fell on the stairs. He stated that a classmate helped him get up from the ground; however, an affidavit or deposition from said classmate was not presented to attest to Gino's recollection of the condition of the stairwell. Additionally, Mr. Kelting's affidavit and report failed to indicate, or even insinuate, that the water stains—which were inspected over two years after the incident—were present at the time of the incident. Thus, we find that Gino's self-serving testimony was not corroborated by evidence that there was a water leak from the ceiling on the day he slipped and fell in the stairwell, and the testimony does not create a genuine issue of material fact. *See*, *Brown v. The Blood Center*, 17-750 (La. App. 4 Cir. 3/15/18); 239 So.3d 988, 992. As a result, Respondents failed to prove that Relators had actual or constructive notice of the alleged water leak in the stairwell. Therefore, we find that Relators are entitled to summary judgment as a matter of law.

Accordingly, we grant Relators' writ application, reverse the trial court's January 6, 2020 judgment, render summary judgment in favor of Relators/Defendants (the Roman Catholic Church of the Archdiocese of New Orleans and Our Lady of Divine Providence Roman Catholic Church, Metarie,

Louisiana d/b/a Our Lady of Divine Providence School), and dismiss the claims of

Respondents/Plaintiffs (Vincent Caminita, Jr. and Misty Caminita, for and on

behalf of their minor child, Gino Caminita).

**WRIT GRANTED; JUDGMENT REVERSED;**
**SUMMARY JUDGMENT GRANTED;**
**CLAIMS DISMISSED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **JULY 8, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 20-C-54

### E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
GEORGE B. RECILE (RESPONDENT)          PRESTON L. HAYES (RESPONDENT)          CHRISTINE W. ADAMS (RELATOR)
MICHAEL L. DESHAZO (RELATOR)

### MAILED

HONORABLE ROBERT J. BURNS,
JUDGE PRO TEMPORE (DISTRICT JUDGE)
DIVISION "M"
24TH JUDICIAL DISTRICT COURT
4TH FLOOR, SUITE 4100
GRETNA, LA 70053